**UNITED STATES, Appellee,**

v.

**Specialist Larry D. THOMPSON, 049–56–9639, United States Army, Appellant.**

**ACMR 8902210.**

U.S. Army Court of Military Review.

24 April 1990.

Reconsideration Denied 21 May 1990.

For Appellant: Captain Timothy P. Riley, JAGC, Captain Robert C. Wee, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain James K. Reed, JAGC (on brief).

Before DeFORD, KANE and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

In accordance with his pleas, the appellant was convicted by a military judge sitting as a general court-martial of wrongfully selling nonmilitary government property, unlawfully entering a government storage area (two specifications), larceny (two specifications) and wrongfully appropriating a vehicle in violation of Articles 134 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 921 (1982) [hereinafter UCMJ]. His approved sentence includes confinement for one year, forfeiture of $100.00 pay per month for twelve months and reduction to Private E1.

The appellant contends that his plea of guilty to wrongfully selling nonmilitary government property in violation of Article 134, UCMJ, was improvident because the offense alleged was preempted by Congress' enactment of Article 108, UCMJ, 10 U.S.C. § 908. We disagree.

The specification of which appellant complains alleges that he did:

at Tongduchon, Republic of Korea, on or about 8 December 1988 and 15 December 1988, without proper authority sell to Korean Nationals, two cases of peanuts of some value and three cases of coffee of some value, nonmilitary government property of the United States.

The evidence contained in the providence inquiry and a stipulation of fact indicates that appellant took the cases of peanuts and coffee from a storage facility of the United States Army commissary.

The essence of appellant's contention is that the property alleged to have been nonmilitary property was in fact military property. Article 108, UCMJ, prohibits wrongful sale of military property but not nonmilitary property. The underlying rationale for the doctrine of preemption is that where "Congress has covered a particular

kind of misconduct in specific punitive articles of the Uniform Code, it does not intend for such misconduct to be prosecuted under the general provisions of Article 133 or 134." *United States v. Reichenbach*, 29 M.J. 128, 136–37 (C.M.A.1989). Hence, according to appellant's theory, if the property in question was military property, then the preemption doctrine should apply and appellant's plea would be vitiated. *See United States v. Schelin*, 15 M.J. 218 (C.M. A.1983). Conversely, if it was nonmilitary property, then appellant's contention would be meritless.[1] We need not decide the preemption question as we find that the property involved in this case was nonmilitary.

The Manual for Courts–Martial, United States, 1984, Part IV, para. 32c(1) defines military property as "all property, real or personal, owned, held or used by one of the armed forces of the United States." In *United States v. Schelin, supra*, the Court of Military Appeals observed that the term "military property" could mean property "having some unique military nature or function" or "any property belonging to or under the control of the military." 15 M.J. at 220. The Court decided that property belonging to the Army and Air Force Exchange Service [hereinafter AAFES] was not "military property" of the United States within the meaning of Article 108, UCMJ. The Court held:

> In the absence of any Congressional guidance, it seems most likely to us that "military property" was selected for special protection due to its role in the national defense. In other words, it is either the uniquely military nature of the property itself, or the function to which it is put, that determines whether it is "military property" within the meaning of Article 108. We do not suggest that it is only tanks, cannons, or bombers that merit the protection of Article 108, for many items of ordinary derivation are daily put to military use. However, re-

tail merchandise of the Army and Air Force Exchange Service does not seem to fit into that specially-protected category. *United States v. Schelin*, 15 M.J. at 220.

The Court noted that its decision was limited in application to the AAFES because of its "separate development and possible differences in structure not before the Court" between it and "Navy, Marine Corps, and Coast Guard exchanges and stores." Army commissaries are similar to the AAFES in that both are instrumentalities of the United States that sell goods retail to individuals entitled to use them. Although there are organizational and operational differences between the two, we see no reason why the criteria set forth in *Schelin* should not apply.

Unless the peanuts and coffee involved in this case can be characterized as "uniquely military in nature or function", we cannot find them to be "military property" under Article 108, UCMJ. We can envision a situation where property destined for resale by an Army commissary could be considered "military property" within the definition set out in *Schelin*. For example, when that property is being or is about to be used in support of a military mission. However, the stipulation of fact and the evidence developed during the plea inquiry in the case at bar clearly establish that the property was nonmilitary in nature and function. Therefore, the appellant's plea to this specification was provident.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge KANE concur.

---

**1.** The wrongful sale of nonmilitary government property proscribed by Article 134, UCMJ, was listed as a lesser included offense to Article 108, UCMJ in Part IV, para 32d(1)(b) of the Manual for Courts–Martial, United States, 1984, by way of amendment in 1986. According to the Analysis, the drafters included the provision to reflect the holding of United States v. Rivers, 3 C.M.R. 564 (A.F.B.R.1952). In Rivers, the court held that the offense of wrongful sale of nonmilitary government property violated 18 U.S.C. § 641 thereby making it punishable as a crime not capital under the third clause of Article 134, UCMJ.