**UNITED STATES, Appellee,**

v.

**Private First Class Robert E. GALLOWAY, 075–60–5903, United States Army, Appellant.**

**ACMR 9101173.**

U.S. Army Court of Military Review.

16 April 1992.

---

For Appellant: Captain Michael E. Smith, JAGC (argued); Captain James M. Heaton, JAGC, Captain Mark L. Toole, JAGC (on brief).

For Appellee: Captain Gregory T. Baldwin, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before CREAN, WERNER and HAGAN, Appellate Military Judges.

## OPINION OF THE COURT

### PER CURIAM:

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a general court-martial of desertion, absence without leave (three specifications), forgery (six specifications), altering a military identification card, and impersonating a non-commissioned officer, in violation of Articles 85, 86, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, 923, and 934 (1982) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for three years, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, confinement for seventeen months, and reduction to Private E1.

The appellant contends that the specification purporting to allege the offense of desertion (the Specification of Charge I) fails to state an offense and his conviction of that offense should be set aside.[1] We agree.

---

1. Article 85, UCMJ, provides for desertion either by (1) absence with an intent to remain away permanently, under Article 85(a)(1) or (2) absence with the intent to avoid hazardous duty or shirk important service, under Article 85(a)(2). To sustain a conviction under Article 85(a)(1) the following elements must be met:

A specification alleging an offense under the Uniform Code of Military Justice is legally sufficient if it contains the elements of the offense intended to be charged, sufficiently apprises the accused of what he must defend against, and protects him from double jeopardy. *United States v. Sell,* 11 C.M.R. 202, 206 (C.M.A. 1953). A specification need not expressly allege all the elements of the offense, but it must aver all the elements at least by fair implication. *United States v. King,* 34 M.J. 95 (C.M.A.1992); *United States v. Watkins,* 21 M.J. 208 (C.M.A.1986). The specification in issue provides:

> In that PFC Robert E. Galloway, US ARMY, did on or about 17 February 1991, with the intent to flee prosecution, quit his unit, to wit: Company A, United States Army Personal [sic] Control Facility, located at Fort Dix, New Jersey and did remain so absent in desertion until on or about 20 April 1991.

The government argued at trial that the specification, as drafted, sufficiently alleged desertion with the intent to remain away permanently under Article 85(a)(1). The government contended the inclusion of "the intent to flee prosecution" was its way of demonstrating how the appellant intended to remain away permanently. The military judge correctly rejected this assertion out of hand.

At trial and now on appeal, the government also argues that the following theories, by necessary implication, establish that the specification states an offense either under Article 85(a)(2) or Article 134, UCMJ. First, the words "to flee prosecution" are broad enough to mean desertion to "shirk important service" since attendance at a court-martial, especially your own, constitutes an "important service." The government's alternative theory is the specification, if found not to state an offense under Article 85, UCMJ, does state an offense punishable under the first two clauses of Article 134, UCMJ, since it alleges discrediting conduct prejudicial to good order and discipline in the armed forces. We note, in this connection, that the government has also argued that the doctrine of preemption would not preclude prosecution under the general article. The underlying rationale for the doctrine of preemption is that "where Congress has covered a particular kind of misconduct in specific punitive articles of the Uniform Code, it does not intend for such conduct to be prosecuted under the general provisions of Article 133 and 134." *United States v. Thompson,* 30 M.J. 905 (A.C.M.R.1990) (citing *United States v. Reichenbach,* 29 M.J. 128, 136–37 (C.M.A.1989)). *Compare with United States v. Deller,* 12 C.M.R. 165 (C.M.A.1953) (offense of unauthorized absence may not be charged as a violation of Article 134, UCMJ, but may be charged only under the provisions of either Article 85, 86, or 87, UCMJ); *United States v. O'Neil,* 12 C.M.R. 172 (C.M.A.1953) (desertion with the intent to shirk important service must be charged under Article 85(a)(2), UCMJ, and not as a violation of Article 134, UCMJ). We find the government's argument that the doctrine of preemption does not apply in this situation unpersuasive.

We need not decide whether these theories have merit since the military judge stated that the specification was a "new" offense under Article 85, UCMJ. The mili-

---

(1) That the accused absented himself from his or her unit, organization, or place of duty;
(2) That such absence was without authority;
(3) That the accused, at the time the absence began or at some time during the absence, intended to remain away from his or her unit, organization, or place of duty permanently; and
(4) That the accused remained absent until the date alleged.

To sustain a conviction under Article 85(a)(2), the following elements must be met:

(1) That the accused quit his or her unit, organization, or other place of duty;
(2) That the accused did so with the intent to avoid a certain duty or shirk a certain service;
(3) That the duty to be performed was hazardous or the service important;
(4) That the accused knew that he or she would be required for such duty or service; and
(5) That the accused remained absent until the date alleged.

Manual for Courts–Martial, United States, 1984, Part IV, para. 9b(1) and (2).

tary judge determined, apparently without any statutory or case authority to support his action, that the government had alleged a new offense of "desertion with the intent to avoid prosecution." In so doing, he impermissibly took on the legislative function normally performed by Congress of determining a criminal offense. Assuming, *arguendo*, this specification alleged an offense under Article 85(a)(2) or Article 134, UCMJ, as the government contends, the appellant's pleas of guilty would nevertheless be improvident. The record establishes the military judge failed to ensure the appellant understood the elements of those offenses. *See United States v. Care*, 40 C.M.R. 247 (C.M.A.1969). The military judge did not advise the appellant nor gain his admission that his conduct constituted shirking an important service. He also did not advise the appellant of the element of prejudice to good order and discipline. *See United States v. Stener*, 14 M.J. 972 (A.C.M.R.1982); *United States v. Greene*, 34 M.J. 713 (A.C.M.R.1992). This is fatal to obtaining a provident plea.

■ However, we do hold that the record of trial does support a finding of guilty of the lesser included offense of absence without leave, under Article 86, UCMJ, during this period. The appellant, in his stipulation of fact and during the providence inquiry, admitted to being absent from his unit without authority from 17 February 1991 to 20 April 1991.

We have carefully considered the remaining assertion of error raised by the appellant and find it to be without merit.

The Court affirms only so much of the findings of guilty of Charge I and its Specification as finds that the appellant, did, on or about 17 February 1991, without authority, absent himself from his unit, to wit: Company A, United States Army Personnel Control Facility, located at Fort Dix, New Jersey, and did remain so absent until on or about 20 April 1991, in violation of Article 86, Uniform Code of Military Justice. The remaining findings of guilty are affirmed. Reassessing the sentence based on the error noted, the entire record of trial, and

*United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), the sentence is affirmed.