UNITED STATES

v.

**Airman Michael A. TOWERY, Jr., FR512–78–5168 United States Air Force.**

**ACM 32678.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 14 March 1997.

Decided 6 Aug. 1997.

Appellate Counsel for Appellant: Lieutenant Colonel Kim L. Sheffield and Major Ray T. Blank, Jr.

Appellate Counsel for the United States: Major LeEllen Coacher and Captain Martin J. Hindel.

Before ROTHENBURG, GAMBOA, and SENANDER, Appellate Military Judges.

OPINION OF THE COURT

SENANDER, Judge:

Pursuant to his pleas of guilty, the appellant was convicted of two specifications each of forgery and larceny, in violation of Articles 123 and 121, UCMJ, 10 U.S.C. §§ 923, 921 (1994). The military judge sentenced him to a dishonorable discharge, confinement for 18 months, and a reduction to E–1. Because of a pretrial agreement, the convening authority reduced the term of confinement to 15 months, but otherwise approved the sentence.

Each specification of forgery (Charge I) alleged a separate victim. The saga began when the appellant went home to get married and discovered that his best man, Airman W, left his checkbook at the appellant's father's home. After assuring Airman W that he would return the checkbook, the appellant forged 13 checks, totalling $4,920. The bank dishonored 4 of the checks due to insufficient funds, but honored $2,895—which wiped out Airman W's savings. As of the date of the trial, he had not been reimbursed, either from the appellant or from the bank. Specification 2 of Charge II alleges the theft of the money which was the object of this first forgery.

The second forgery occurred after the appellant discovered blank checks belonging to his roommate, Airman G. The appellant eventually forged 10 checks, totalling $6,530. Of that amount, all were for cash except one check which the appellant used to buy a car from another airman. Airman G received restitution from the bank. Specification 1 of

Charge II alleges theft of the money stolen from Airman G as a result of the forgeries.

 During the providence inquiry, the military judge advised the appellant that the maximum permissible punishment was 125 years—5 years for each of the two specifications of larceny and, following the reasoning of *United States v. Mincey*, 42 M.J. 376 (1995), 5 years for each of the 23 forgeries alleged in the two specifications of Charge I. The appellant, in his sole assignment of error, now claims that the maximum punishment was 20 years, and that the judge's consideration of an "erroneous maximum term of confinement" was a violation of due process. We hold that, in cases where multiple, discrete instances of check forgery are pleaded (without objection) in one specification, the maximum punishment is calculated as if they had been charged separately. In other words, the military judge's use of a *Mincey* analysis to calculate the maximum punishment was correct. We affirm.

*Mincey* was a bad-check case. Article 123a, UCMJ, 10 U.S.C. § 923a (1994). The opinion of the Court of Appeals for the Armed Forces expressly limited its holding to bad-check cases. The appellant could have objected to the duplicitous specifications but he did not, and has waived any objection to the pleading. R.C.M. 905(b)(2) and (e). In short, without having to resort to any logical leaps, we can find no principled basis upon which to distinguish *Mincey's* holding or the reasoning by which it arrived at that holding. Certainly, common sense would hold that a forged check qualifies as a "bad check."

 As part of his due-process argument, the appellant uses a "proportionality" analysis to argue that any maximum sentence including confinement for 125 years is grossly disproportionate to the facts herein. As we've held, the appellant was sentenced for 23 instances of forgery, each involving a different time and different blank check, each subject to a 5–year maximum punishment. We are not prepared to "overrule" the President and hold that a 125–year maximum sentence is "out of line" for 23 forgeries and 2 thefts. MANUAL FOR COURTS-MARTIAL, UNITED STATES (MCM), Part IV, ¶¶ 46e(d),

48(e) (1995 ed.). In the two cases cited by the appellant, the accused actually received the challenged maximum punishment—life imprisonment, under recidivist sentencing, for relatively minor offenses. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). Regardless of whether the maximum punishment in the appellant's case is 125 years or 20 years, the appellant only faced (and received) 15 months in jail pursuant to his pretrial agreement. Any further discussion of "proportionality" would be an exercise in angelic pin-dancing, which we need not pursue.

The findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of appellant occurred. Accordingly, the findings and sentence are

AFFIRMED.

Chief Judge ROTHENBURG and Judge GAMBOA concur.