**UNITED STATES, Appellee,**

v.

**Specialist Daryl J. DAWKINS, United States Army, Appellant.**

**ARMY 9800848.**

U.S. Army Court of Criminal Appeals.

2 Sept. 1999.

602

For Appellant: Colonel John T. Phelps II, JA; Colonel Adele H. Odegard, JA; Major Holly S.G. Coffey, JA; Captain Jodi E. Ter-williger–Stacey, JA (on brief).

For Appellee: Colonel Russell S. Estey, JA; Lieutenant Colonel Eugene R. Milhizer, JA; Major Patricia A. Ham, JA; Captain Daniel G. Brookhart, JA (on brief).

Before CAIRNS, Senior Judge, KAPLAN, and BROWN, Appellate Military Judges.

## OPINION OF THE COURT

BROWN, Judge:

A military judge sitting as general court-martial convicted the appellant, pursuant to his pleas, of attempted larceny, conspiracy to commit forgery and larceny, larceny (seven specifications), forgery, and indecent acts, in violation of Articles 80, 81, 121, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 921, 923, and 934 [hereinafter UCMJ]. The military judge sentenced the

appellant to a bad-conduct discharge, confinement for eight months, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority, who in a pretrial agreement had agreed to limit any confinement to nine months, approved the adjudged sentence.

The case is before the court for automatic review under Article 66, UCMJ. We have considered the record of trial, the appellant's one assignment of error, the government's reply thereto, and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). None of the *Grostefon* matters merit any comment or relief. The appellant's assignment of error lacks merit, but warrants further discussion.

Appellant's sole assignment of error concerns the single forgery specification of Charge IV, which took the form of a "mega-spec." In this specification, the government charged the appellant with falsely making and uttering seven different forged checks. The specification included copies of the seven forged checks, each of which was for more than $100.00. In his assignment of error, the appellant argues that:

THE MILITARY JUDGE ERRED AS A MATTER OF LAW WHEN HE IMPROPERLY INFORMED THE APPELLANT THAT THE MAXIMUM AUTHORIZED SENTENCE TO CONFINEMENT FOR HIS OFFENSES WAS 85 YEARS, RATHER THAN 55 YEARS, THEREBY RENDERING APPELLANT'S GUILTY PLEA IMPROVIDENT.

## BACKGROUND

With the exception of the indecent acts specification, the charges against the appellant arose from a check-kiting scheme devised by Private First Class (PFC) Brittenum, an acquaintance of the appellant. In September 1997, the appellant conspired with PFC Brittenum to commit forgery and larceny and did commit both forgery and larceny. They agreed to split their "profits" evenly.

At the outset, PFC Brittenum already possessed numerous checks stolen from another

soldier, PFC G, whom the appellant did not know. Private First Class Brittenum falsely made out seven of PFC G's checks payable to the appellant in amounts ranging from $400.00 to $1000.00 dollars.[1]

On 27 September 1997, the appellant used $110.00 in cash to open a savings account in his own name at a branch of Bank One in Austin, Texas. Over the next three days, the appellant deposited two of the forged checks and some cash into his new account at several Bank One branch offices. During the same period, the appellant cashed five of the forged checks against his seemingly available account balance. Throughout this brief period, the appellant: deposited $1010.00 in cash and $1400.00 in forged checks into his account; received $2750.00 in cash by presenting five forged checks for payment, and withdrew all but $10.00 of the cash he had deposited into his account. Within several days, all seven forged checks were dishonored and returned to Bank One for insufficient funds.

During the providence inquiry, the military judge informed the appellant that the maximum punishment authorized, based upon the appellant's plea alone, included confinement for eighty-five years. This calculation was based on a term of confinement of thirty-five years for the Charge IV "mega-spec" and five years' confinement for every other specification. The military judge determined that the thirty-five year maximum confinement for the sole specification of Charge IV was based on *United States v. Mincey*, 42 M.J. 376 (1995). On the record, appellant's trial defense counsel concurred with this calculation of maximum punishment.

## LAW

█ Rule for Courts–Martial 307(c)(4) [hereinafter R.C.M.] states, in part, that in the preferral of charges, "[e]ach specification shall state only one offense." Upon a motion for appropriate relief, "[t]he sole remedy for a duplicitous specification is severance ... into two or more specifications, each of which alleges a separate offense contained in the duplicitous specification." R.C.M. 906(b)(5)

discussion. Absent a showing of good cause, objections based on defects in specifications must be made before the entry of pleas or they are waived. R.C.M. 905(b)(2) & (e). Even if an objection is waived, this court may affirm only such findings and sentence as we find correct in law and fact. UCMJ art. 66(c). With respect to errors of law, Article 59(a), UCMJ, limits our broad plenary authority to correct findings and sentences only with respect to an error that "materially prejudices a substantial right of the accused." *See United States v. Powell*, 49 M.J. 460 (1998) (discussing the plain error doctrine in the military context).

With regard to maximum punishments, R.C.M. 1003(c)(1)(A)(i) provides that the *Manual for Courts–Martial* limitations on punishments "are for each separate *offense,* not for each charge." (emphasis added).

In *United States v. Mincey, supra,* our superior court applied much of the foregoing in the context of a bad-check case under Article 123a, UCMJ. The court held that, "in bad-check cases, the maximum punishment is calculated by the number and amount of the checks as if they had been charged separately, regardless of whether the Government correctly pleads only one offense in each specification or whether the Government joins them in a single specification...." *Mincey*, 42 M.J. at 378. The court specifically limited its holding to bad-check cases. *Id.*

The Air Force Court of Criminal Appeals has extended the *Mincey* analysis to forgery cases under Article 123, UCMJ. *United States v. Towery*, 47 M.J. 514 (A.F.Ct.Crim. App.), *pet. denied,* 48 M.J. 414 (1997). In *Towery*, our sister court reasoned that "a forged check qualifies as a 'bad check.'" *Towery*, 47 M.J. at 515. The Air Force court held that, "in cases where multiple, discrete instances of check forgery are pleaded (without objection) in one specification, the maximum punishment is calculated as if they had been charged separately." *Id.*

█ Under current case law, not every misunderstanding of the maximum punish-

---

1. The government's theory in charging the appellant with falsely making the checks was that he

was criminally responsible as a principal under Article 77, UCMJ.

ment renders a guilty plea improvident. A guilty plea may be improvident if " 'it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject.' " *United States v. Poole*, 26 M.J. 272, 274 (C.M.A.1988) (quoting *United States v. Windham*, 15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23, 1965 WL 4773 (1965)). To determine whether a misunderstanding was substantial, military appellate courts have rejected a mathematical approach. Instead, our courts consider " 'all the circumstances of the case presented by the record ... to determine whether the misapprehension of maximum sentence affected the guilty plea, or whether that factor was insubstantial in [appellant's] decision to plead.' " *Poole*, 26 M.J. at 274 (quoting *United States v. Hunt*, 10 M.J. 222, 223–24 (C.M.A.1981)).

## DISCUSSION

■ The appellant alleges for the first time on appeal that the military judge erred in his calculation of maximum punishment— eighty-five versus fifty-five years of confinement—and that, therefore, the appellant's plea was improvident. We hold that the military judge correctly relied on the *Mincey* analysis to calculate the maximum punishment. In so holding, we join the Air Force Court of Criminal Appeals in extending the *Mincey* rationale to forgery cases. Given then-Judge Cox' well-reasoned analysis in *Mincey*, we agree with the Air Force court that there is no principled basis upon which to distinguish multiple forgeries of checks from multiple bad checks for purposes of calculating maximum punishment on conviction of a "mega-spec."

■ At trial, the appellant offered no objection to the misjoinder of all forgery offenses into a single, duplicitous specification. Had he objected, the sole remedy entailed

severance into seven separate specifications, which would have resulted in the same maximum punishment—thirty-five years' confinement—that the military judge calculated under *Mincey*.[2] Following the rationale of *Mincey* and *Towery*, we find that the appellant was not misadvised of the maximum punishment. There was no error.

■ Finally, we note that because the appellant did not object to the misjoinder of the forgery offenses at trial,[3] absent plain error, he waived appellate review of this issue. Even if the military judge did commit plain error,[4] the appellant's contention that his plea was improvident is without merit. Prior to entry of pleas, the appellant moved for dismissal of Charge III and its seven specifications of larceny or, in the alternative, dismissal of Charge IV and its Specification of forgery, as an unreasonable multiplication of charges under the discussion to R.C.M. 307(c)(4). The military judge denied the motion for purposes of findings and stated that he would re-entertain the motion prior to sentencing. The appellant again raised the issue after findings; the military judge again denied the motion.

If the military judge had granted the motion at either opportunity, the appellant would have faced a maximum confinement of fifty years, rather than eighty-five years. There is no indication in the record that the appellant's plea of guilty was contingent on the disposition of the motion. The appellant thereby clearly evidenced his intent to plead guilty regardless of whether the maximum punishment included confinement for fifty years (without either Charge III or Charge IV) or eighty-five years (a conviction on all charges). This is completely understandable given that the appellant had a pretrial agreement that limited any confinement to nine months.

---

**2.** Given the assignment of error before us, we need not address whether the government could have charged the appellant with fourteen separate forgery offenses—seven forgery by making, seven forgery by uttering—with a maximum punishment of seventy years' confinement for Charge IV.

**3.** We need not hypothesize why the appellant did not object. We note, however, that, by declining to move for severance, the appellant stands convicted of but one specification of forgery, not seven.

**4.** This assumes that our superior court declines to extend the *Mincey* rationale to cases involving multiple forgeries of checks.

In applying the *Poole* test, we find that any difference between a maximum punishment of fifty-five years and eighty-five years of confinement was altogether inconsequential, particularly in light of the appellant's favorable pretrial agreement. As such, considering the entire record, any possible misunderstanding over maximum punishment was insubstantial in the appellant's decision to plead guilty. Therefore, even if the military judge erred in computing the maximum punishment, the appellant's plea is still provident.

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge KAPLAN concur.