# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 JESSE G. CATINO**
**United States Army, Appellant**

ARMY 20120018

Headquarters, III Corps and Fort Hood
Kirsten Brunson, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

30 November 2012

----------------------------------
SUMMARY DISPOSITION
----------------------------------

MARTIN, Judge:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of dereliction of duty, damaging government property, larceny of military property, wrongful appropriation of a motor vehicle, larceny of personal property, and possessing items of personal identification of another without their consent, pursuant to Articles 92, 108, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 908, 921, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for thirteen months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ.  We have considered the record of trial and appellant's two assertions of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), neither of which warrant discussion.  During our review, we noted that the maximum punishment calculation made by the court was incorrect and merits discussion, but no relief.

The day prior to trial, the government made a motion requesting that the military judge judicially notice the Texas statute associated with the Article 134, UCMJ, offense. The government's contention was that although the charge did not contain a specific reference to the Texas Penal Code provision,[1] the language clearly matched the elements of that offense. The offense, as charged, provided that appellant (1) with the intent to harm or defraud another, (2) wrongfully possessed an item of identifying information of another person without the other person's consent, to wit: the social security card and identification card of MiB, the social security card of JS, and the social security card of MaB, (3) such conduct being to the prejudice of good order and discipline or of a nature to bring discredit upon the Armed Forces. The military judge acknowledged that while the charged language did track with the Texas code provision, the appellant had agreed to plead guilty by exceptions and substitutions, thereby eliminating one of the required elements. Specifically, appellant excepted out the "with the intent to harm or defraud another," element. Thereafter, the government withdrew the motion. The remaining elements of the charge are appellant (1) wrongfully possessed an item of identifying information of another person without the other person's consent, to wit: the social security card and identification card of MiB, the social security card of JS, and the social security card of MaB, (2) such conduct being to the prejudice of good order and discipline or of a nature to bring discredit upon the Armed Forces. The parties agreed to this interpretation of the remaining elements of the charge.

However, there was some disagreement as to the appropriate maximum punishment calculation. After discussion on the maximum punishment associated with the charged offense, the government, the appellant and his counsel, and the military judge agreed to a closely related offense in accordance with Rules for Courts-Martial, 1003(c)(1)(B) [hereinafter R.C.M.]. Unfortunately, the exact offense that was agreed upon is not clearly discernible from the record.[2] The record is clear,

---

[1] "*Fraudulent Use or Possession of Identifying Information* . . . . (b) A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of: (1) identifying information of another person without the other person's consent; . . ." Tex. Penal Code Ann. § 32.51 (West 2011).

[2] A review of the record might lead one to conclude that the parties viewed either larceny or concealment of stolen property, pursuant to Articles 121 and 134, UCMJ, as the closely related offense for sentencing purposes. However, the instant offense does not include the "specific intent to permanently deprive" element that is essential to a charge of larceny. While there is one clause of one sentence in the stipulation of fact that alludes to specific intent, no facts were elicited during the providence inquiry to support this element. Moreover, the concealment of stolen property offense is designed to address theft by another, not by the appellant.

(continued . . .)

however, that the maximum punishment for the agreed upon, yet unidentifiable, closely related offense had a six-month maximum confinement.  We find that despite the concurrence of the parties, the offense is (1) not listed in the *Manual for Courts-Martial, United States* (2008 ed.) [hereinafter *MCM*], (2) not included in, or closely related to, any other offense listed in Part IV of the *MCM*; and (3) not provided for in the United States Code.[3]  *See* R.C.M. 1003(c); *United States v. Beaty*, 70 M.J. 39, 44 (C.A.A.F. 2011).  Furthermore, there is not any apparent "'custom of the service' specific to appellant's offense."  *Id.* (citing *United States v. Leonard*, 64 M.J. 381, 383 (C.A.A.F. 2007)).  Consequently, despite agreement by counsel, the appellant, and the military judge that six months was the appropriate maximum period of confinement, this offense is punishable as a "general" or "simple" disorder, with a maximum sentence of four months of confinement and forfeiture of two-thirds pay per month for four months.  *Id*. at 45.  Therefore, with the recalculation, the total maximum punishment for all the offenses was a dishonorable discharge, confinement for fourteen years and four months, forfeiture of all pay and allowances, and reduction to the grade of E-1.[4]  Nevertheless, we hold that appellant's plea was provident despite this minor miscalculation because it was an insubstantial factor in appellant's decision to plead, and appellant's approved sentence was well below this lawful maximum sentence.  *See United States v. Dawkins*, 51 M.J. 601, 603–04 (Army Ct. Crim. App. 1999) (citing *United States v. Poole*, 26 M.J. 272, 274 (C.M.A. 1988)).

## CONCLUSION

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings of guilty are AFFIRMED.  Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring

---

(. . . continued)
Finally, appellant stole the personally identifying items of information from the victims prior to his entry onto active duty.

[3] A survey of related United States Code provisions all contain a requirement that the accused possess an intent to defraud.  *See generally*, 18 U.S.C. § 1028(a) (2006).

[4]  The military judge informed appellant that the maximum punishment was a dishonorable discharge, confinement for fourteen years and six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

CATINO—ARMY 20120018

opinion in *Moffeit*, the sentence as approved by the convening authority is AFFIRMED.

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4