# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER N. SHELL**
**United States Army, Appellant**

ARMY 20120264

Headquarters, United States Army Alaska
Kwasi Hawks, Military Judge
Colonel Tyler J. Harder, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Major Richard E. Gorini, JA; Captain Matthew M. Jones, JA (on brief).

For Appellee:  Major Catherine L. Brantley, JA; Captain Daniel M. Goldberg, JA (on brief).

7 February 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BORGERDING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of conspiracy to commit larceny of government property of a value greater than $500; one specification of conspiracy to sell government property of a value greater than $500; one specification of selling military property of a value greater than $500; one specification of larceny of military property of a value greater than $500; and one specification of unlawful entry in violation of Articles 81, 108, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 908, 921, and 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to confinement for nineteen months; hard labor without confinement for ninety days; forfeiture of $1,145.00 pay per month for a period of fifteen months; and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for confinement for 15 months; forfeiture of $1,145.00 pay per month for a period of fifteen months; and reduction

to the grade of E-1.  The convening authority also credited appellant with forty-eight days confinement against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant raises one assignment of error, which merits neither discussion nor relief.  We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

However, we have identified two issues which require discussion and relief. Appellant was charged with stealing and selling *military* property of a value greater than $500, specifically, "196 pairs of snow shoes."  Appellant was also charged with conspiring to steal and sell *government* property of a value greater than $500, specifically, the same "196 pairs of snow shoes."   Unfortunately, the military judge and both parties at trial proceeded through the plea inquiry for the conspiracy specifications as if appellant were charged with conspiracy to steal and sell *military* property rather than *government* property.  *See United States v. Roach*, 65 M.J. 866, 870 (Army Ct. Crim. App. 2007) ("The terms are not interchangeable.  All government property is not military property; however, all military property is government property.").

Accordingly, for Specification 1 of Charge I, appellant faced a charge of conspiracy to steal non-military government property of a value in excess of $500, which carries a maximum punishment of, *inter alia,* 5 years confinement, as opposed to a charge including the sentence escalator of "military property," allowing for a maximum punishment of, *inter alia,* 10 years confinement.  *Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶¶ 5.e, 46.e(1)(c)-(d).[1] Despite the understanding of the parties, we decline to apply the enhanced maximum punishment in this case and will reassess the sentence in our decretal paragraph.  *See United States v. Smith,* 49 M.J. 269, 271 (C.A.A.F. 1998) (holding that "adding the sentence escalator that doubled the punishment was a 'substantial matter' within the meaning of [Rule for Courts-Martial] 603(a)" and was therefore not a "minor" amendment).

More significantly, in Specification 2 of Charge I, appellant is ostensibly only charged with conspiracy to commit an offense under the UCMJ, to wit: selling non-military *government* property in violation of Article 134, UCMJ.  *See generally United States v. Thompson*, 30 M.J. 905, 906 n.1 (A.C.M.R. 1990) (citing *United States v Rivers*, 3 C.M.R. 564 (A.F.B.R. 1952)) (recognizing that the sale of non-

---

[1] All parties agreed the maximum sentence to confinement appellant faced was 40 years and 6 months, which indicated they considered the maximum sentence to confinement for this specification to be 10 years.

military government property is an offense under Article 134, UCMJ). *See also United States v. Benitez*, 65 M.J. 827, 828-29 (A.F. Ct. Crim. App. 2007), *rev. denied,* 66 M.J. 383 (C.A.A.F. 2008). This is an entirely different charge from conspiracy to sell *military* property in violation of Article 108, UCMJ. *MCM,* pt. IV, ¶ 32.a.

We find that under the unique circumstances in this case, the military judge abused his discretion in accepting appellant's guilty plea to this specification. *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). While it is clear from the record of trial that all parties believed appellant was pleading guilty to conspiracy to sell *military* property in violation of Article 108, UCMJ,[2] that is not the offense with which appellant was expressly charged. The specification alleged appellant conspired to sell *government* property, not *military* property. Because this discrepancy was in no way discussed or raised on the record, we find this to be an "irregular pleading" and that the military judge failed to resolve the matter in a manner sufficient to permit us affirm a finding of guilt to this specification. UCMJ art. 45(a), 10 U.S.C. § 845 (2006); *see generally United States v. Jordan,* 57 M.J. 236 (C.A.A.F. 2002).[3] Thus, we find a substantial basis in law and fact to question the plea. *Inabinette,* 66 M.J. at 322 (citing *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991)). Accordingly, we will set aside appellant's conviction for conspiracy to sell government property in our decretal paragraph.[4]

Finally, we find that under the circumstances of this case, misapprehension of the maximum punishment did not affect appellant's pleas of guilty. *See United*

---

[2] In fact, during discussion of the "agreement" element of Article 81, UCMJ, for Specification 2 of Charge I (conspiracy to sell government property), the military judge referred appellant to the four elements of Article 108, UCMJ, that the judge had previously listed for appellant.

[3] As this court noted in *Roach*: "This case highlights the difficulties caused by imprecise use of the term 'government property' in charging documents when the term 'military property' should have been used instead." 65 M.J. at 869-70.

[4] Even were we to affirm Specification 2 of Charge I, we would find that Specifications 1 and 2 of Charge I should be consolidated into a single specification alleging one conspiracy to commit larceny of government property and selling government property. "An agreement to commit several offenses is ordinarily but a single conspiracy." *MCM*, pt. IV ¶ 5.c(3). *See also United States v. Pereira*, 53 M.J. 183, 184 (C.A.A.F. 2000) (citing *Braverman v. United States*, 317 U.S. 49 (1942)). It is apparent from the record of trial that there was only one agreement between appellant and his co-conspirator to both steal the government property and to sell the government property.

3

*States v. Poole*, 26 M.J. 272, 273-74 (C.M.A. 1988); *United States v. Dawkins*, 51 M.J. 601, 603-05 (Army Ct. Crim. App. 1999); *United States v. Walls*, 3 M.J. 882, 885 (A.C.M.R. 1977).

## CONCLUSION

The finding of guilty of Specification 2 of Charge I is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident the military judge would have adjudged the same sentence absent the errors noted. We also conclude, pursuant to Article 66, UCMJ, that such a sentence is appropriate for the remaining guilty findings of larceny and sale of military property and conspiracy to commit larceny of government property.

In evaluating the *Winckelmann* factors, we find that the gravamen of the offenses has not changed. 73 M.J. at 16. As noted above, appellant pleaded guilty to one conspiracy to steal government property and to actually stealing and selling the military property. Our setting aside of one specification of conspiracy changes nothing about the aggravation evidence admissible before the military judge for sentencing purposes. *Id.* Appellant was also sentenced by a judge alone and appellant's adjudged sentence was still only a small fraction of the maximum sentence. *Id.* Finally, this court reviews the records of a substantial number of courts-martial involving the larceny and sale of military property and we have extensive experience with the level of sentences imposed for such offenses under various circumstances. *Id.*

The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the finding set aside by this decision, are ordered restored.

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4