**UNITED STATES, Appellee,**

v.

**Joel S. POOLE, Private U.S. Army, Appellant.**

No. 57,815.
CM 8600988.

U.S. Court of Military Appeals.

Aug. 1, 1988.

For Appellant: *Captain David C. Hoffman* (argued); *Colonel John T. Edwards, Lieutenant Colonel Joel D. Miller, Captain Donald G. Curry, Jr.* (on brief); *Colonel Brooks B. La Grua* and *Captain Alfred H. Novotne.*

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief); *Captain Susan E. Fine.*

*Opinion Of The Court*

COX, Judge:

Appellant was tried by a general court-martial convened by the Commanding General, Headquarters, 1st Armored Division. Trial was by military judge alone. He was charged with unlawfully making and uttering checks with the intent to defraud, and larceny, in violation of Articles 123a and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 923a and 921, respectively. In accordance with a pretrial agreement, appellant entered pleas of guilty to and was convicted of five bad-check specifications with exceptions and of a sixth in its entirety. He was also convicted of the larceny, despite his pleas to the contrary.

Appellant was sentenced to a dishonorable discharge, confinement for 2 years, and total forfeitures. To comply with the terms of the pretrial agreement, the convening authority approved the sentence except for confinement exceeding 14 months. The Court of Military Review held the dishonorable discharge was not authorized so it affirmed only a bad-conduct discharge, as well as the findings and the rest of the sentence. 24 M.J. 539 (1987).

We granted appellant's petition for review, which asked us to determine:

WHETHER THE SUBSTANTIAL OVERSTATEMENT OF THE MAXIMUM POSSIBLE PUNISHMENT RENDERED APPELLANT'S PLEA OF GUILTY IMPROVIDENT.

Because the facts of this case are particularly pertinent to our decision here, let us briefly review them. Charge I and the six specifications thereunder alleged that appellant had uttered numerous bad checks. In his guilty pleas to these allegations, he admitted uttering 87 of the checks. Significantly, all of the checks were for amounts less than $100.00. After his pleas were made and the checks and charges sorted out, the military judge advised appellant that, *under the charges and specifications as finally pleaded*

> solely by virtue of your plea of guilty to these offenses you could legally be sentenced to the maximum punishment ... authorized by the law, which [would] include[ ] a dishonorable discharge, confinement for 21 years, total forfeiture of all pay and allowances, and, additionally, a fine. ...
>
> \* \* \* \* \* \*
>
> [I]f a fine were adjudged it would be in addition to total forfeitures ....

1. The larceny charge caused the maximum confinement to actually increase by 6 months.

2. The basis of the Court of Military Review's calculation seems to be paragraph 49e(1), Part IV, Manual for Courts-Martial, United States, 1984, which—obviously not contemplating this sort of clustering of offenses—provides a maximum punishment:

   *For the procurement of any article or thing of value, with intent to defraud, in the face amount of:*

   *(a) $100.00 or less.* Bad-conduct discharge, forfeiture of all pay and allowances, and confinement for 6 months.

3. In its opinion, the Court of Military Review stated:

   [T]he military] judge misadvised appellant that the maximum punishment ... included confinement for twenty-one years, when, in fact, the maximum confinement ... was only three

The judge and appellant discussed this advice, and appellant persisted in his pleas of guilty to the charges.[1]

On appeal, the Court of Military Review concluded that "the ... [military] judge misadvised appellant" when he told him "that the maximum punishment ... included confinement for ... [21] years." According to that court, the maximum punishment for the charges and specifications as finally accepted was 3½ years' confinement, a bad-conduct discharge, and ancillary punishments.[2] To "cure the prejudice," the court set aside the dishonorable discharge, substituting therefor a bad-conduct discharge—which under their method of calculation was compelled by law—and affirmed the remaining sentence as finally approved by the convening authority.[3] For purposes of this appeal, we accept the computation of the maximum punishment by the court below.

■ Consequently, the real questions we must answer are:

Is appellant entitled to have his guilty pleas set aside because he was "misadvised" by the military judge; or,

Has the error been cured by the Court of Military Review's reassessment of the sentence?

Although we have rejected a mathematical formula for calculating when the misun-

years.[7] Yet as far as appellant was concerned, the maximum confinement in his case was the limit set forth in the pretrial agreement—fourteen months. *See United States v. Koenig*, 3 M.J. 781, 782 (A.C.M.R. 1977).

\* \* \* \* \* \*

Having decided appellant's pleas of guilty were provident, but that he was prejudiced by the military judge's miscalculation of the ... sentence, we believe reassessment of the sentence will cure the prejudice as well as assure the sentence will be no greater than that which would have been imposed had the errors not been committed. *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

[7] Adding an additional six months confinement for the larceny offense, the maximum ... punishment was a bad-conduct discharge, confinement for three and one-half years, forfeiture of all pay and allowances, and any other lawful punishment.

*United States v. Poole*, 24 M.J. 539, 543 (A.C. M.R. 1987).

derstanding converts into reversible error, we have recognized that "[a] plea of guilty may be improvident because it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject." *United States v. Windham*, 15 U.S.C.M.A. 523, 525, 36 C.M.R. 21, 23 (1965)." *United States v. Harden*, 1 M.J. 258, 259 (C.M.A. 1976). We look to "all the circumstances of the case presented by the record ... to determine whether the misapprehension of the maximum sentence affected the guilty plea, or whether that factor was insubstantial in his decision to plead." *United States v. Hunt*, 10 M.J. 222, 223–24 (C.M.A. 1981); *United States v. Walls*, 9 M.J. 88 (C.M.A. 1980).

Examining the circumstances found in this record, we note:

First—the Government elected to plead the numerous bad-check offenses in six separate specifications. Had the Government so chosen, it could have elected to plead at least 87 specifications. Were that the case, the maximum sentence the court-martial could have imposed would have been 43½ years, or some 40 years more than the Court of Military Review found to be operative. There has been no allegation that the charges were duplicitous, and we are reluctant to criticize the Government for its decision to consolidate the numerous specifications, particularly since it was to the benefit of appellant to do so.

Second—appellant and the Government entered into a plea agreement whereby the exposure to appellant was limited to 14 months' confinement and a dishonorable discharge. As regards the confinement portion of the sentence, the exposure was considerably less than the allowable maximum, regardless of how it is calculated.

Third—the inquiry into the providence of appellant's pleas and facts attendant thereto unquestionably shows that the evidence and case against appellant were overwhelming. There is nothing in the record to suggest that the pleas were other than provident. Art. 45, UCMJ, 10 U.S.C. § 845. Indeed, the Court of Military Review found that appellant initiated the plea agreement, suggested the terms thereof, and waived his right to a pretrial investigation under Article 32, UCMJ, 10 U.S.C. § 832.

Fourth—the perspective is not whether appellant—whose case is now in the final stages of appellate review; whose sentence has been reassessed by the Court of Military Review with relief having been granted; and whose sentence was "capped" by the court-martial's and the convening authority's actions—might now elect to stand trial. Art. 63, UCMJ, 10 U.S.C. § 863; R.C.M. 810(d), Manual for Courts-Martial, United States, 1984. Given the realities of the situation, we conclude there was no reasonable likelihood that appellant would have rejected his plea bargain and demanded trial at the date and time his case was called. *Cf. Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

We are convinced by the record before us, as was the Court of Military Review, that appellant's pleas of guilty were provident despite the advice he received about the possible maximum punishment. We also agree that "[t]he prejudice to appellant" as a result of "the military judge's miscalculation of the maximum imposable sentence" "cannot be questioned." 24 M.J. at 542, 543.

■ Article 66(c), UCMJ, 10 U.S.C. § 866(c), compels a Court of Military Review to "affirm only such ... sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Deciding if a Court of Military Review will reassess a sentence itself—or if that court "conclude[s] that it cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred" and therefore a rehearing should be ordered—is a matter that has generally been left to the courts below. *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). This exercise of appellate discretion is reviewed only to determine if the sentence as reassessed by the Court of Military Review "is appropriate in relation to the affirmed findings of

guilty" so as to "assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed. Only in this way can the requirements of Article 59(a), UCMJ, 10 U.S.C. § 859(a), be reconciled with the Code provisions that findings and sentence be rendered by the court-martial ...." *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985).

Here, the Court of Military Review recognized putative error and reassessed the sentence approved by the convening authority. *United States v. Poole* and *United States v. Sales*, both *supra*. We agree with that court that appellant's guilty pleas were provident and hold that that court did not abuse its discretion. Art. 45; *United States v. Hunt, supra*. Furthermore, we have concluded that, even though appellant may have been prejudiced as to the punishment mandated in view of the nature of the error, the "meaningful reassessment" of the sentence by the court below has removed any lingering taint, and no further relief shall be ordered.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.