UNITED STATES, Appellee,

v.

Private E1 Danny M. BROWN, 587–19–2914, United States Army, Appellant.

ACMR 8902508.

U.S. Army Court of Military Review.

30 March 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Patricia D. White, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Martin D. Carpenter, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GIUNTINI, Judge:

Pursuant to his pleas, the military judge found the appellant guilty of wrongful use of cocaine, larceny, three instances of failure to repair and absence without leave, in violation of Articles 112a, 121 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921 and 886 (1982 & Supp. V 1987) [hereinafter UCMJ]. The military judge sentenced the appellant to a bad-conduct discharge, confinement for thirteen months and total forfeiture of all pay and allowances. The convening authority approved the sentence as adjudged.[1]

 The appellant alleges, and we agree, that his plea of guilty to larceny was improvident when he only admitted to taking currency of a value of $170.00, with the intent to use it and then return an equivalent amount of money to the victim. Manual for Courts–Martial, United States, 1984, Part IV, para. 46c(1)(f)(iii)(B) [hereinafter MCM, 1984] ("[i]f ... accused takes money ... having no special value above its face value, with the intent to return an equivalent amount of money, the offense of larceny is not committed although wrongful appropriation may be".).

 The appellant was charged with being absent without authority (AWOL) beginning on 6 July and ending on 9 July 1989, a period of three days. He pled to and was found guilty of this three-day AWOL. During the providence inquiry, the appellant admitted to being gone sufficient days and hours so as to establish a four-day AWOL and the military judge calculated the maximum possible punishment on the basis of an absence of "more than 3 days." This was error. The appellant pled to and was found guilty of an absence "for not more than 3 days," and the maximum possible punishment should have been computed on that basis. See MCM, 1984, Part IV, para. 10c(9).

We are satisfied that the errors committed were harmless and did not affect the pleas or sentence. *See United States v. Poole,* 26 M.J. 272 (C.M.A.1988). We will reassess the sentence. *United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986).

The court affirms only so much of the finding of guilty of Specification 1 of Charge II as finds that the appellant wrongfully appropriated currency in the amount of $170.00, in violation of UCMJ art. 121. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms the sentence.

Senior Judge KUCERA and Judge GILLEY concur.

---

1. In a pretrial agreement, the convening authority had agreed to approve no sentence which included a period of confinement in excess of fifteen months. The convening authority could approve any other lawfully adjudged sentence.