# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

### v.

### Vicente (NMN) ONTIVEROS
### Gunner's Mate Second Class (E-5), U.S. Coast Guard

### CGCMG 0181

### Docket No. 1178

### 25 November 2003

General Court-Martial convened by Commander, Maintenance & Logistics Command Atlantic Area. Tried at Cape May, New Jersey, on 17 July 2002.

| | |
|---|---|
| Military Judge: | CAPT Sharon W. Fijalka, USCG |
| Trial Counsel: | LCDR William D. Hennessy, USCG |
| Assistant Trial Counsel: | LT Scott C. Herman, USCG |
| Detailed Defense Counsel: | LCDR Ronald S. Horn, USCG |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG[1] |
| | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR Daniel J. Goettle, USCG |

### BEFORE
### PANEL TWO
### BAUM, KANTOR, & PALMER
Appellate Military Judges

KANTOR, Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was found guilty of one specification of conspiracy to steal and wrongfully dispose of military property of the United States of a value greater than $100, in violation of Article 81, Uniform Code of Military Justice (UCMJ); one specification of wrongful disposition of military property of the United States of a value greater than $100, in violation of Article 108, UCMJ; and one specification of larceny of

---

[1] CDR Good filed the assignment of errors and brief in this case.

military property of the United States of a value greater than $100, in violation of Article 121, UCMJ.  The judge sentenced Appellant to a bad conduct discharge, confinement for six months, and reduction to E-3.  The Convening Authority approved the adjudged sentence, which was within the sentence limits of the pretrial agreement.

Before this Court, Appellant has assigned one error: that his pleas of guilty were improvident because the military judge advised him mistakenly that he faced potential maximum confinement for thirty years, which is significantly greater than the three years confinement Appellant contends was authorized for the alleged offenses.  Citing *United States v. Hunt*, 10 M.J. 222, 223 (C.M.A. 1981), Appellant asserts that, as a consequence, there was a substantial misunderstanding of the maximum punishment, which vitiates the providence of his guilty pleas, and necessitates the setting aside of the findings of guilty and the ordering of a rehearing.  Furthermore, even if the plea is deemed provident, Appellant asserts that he suffered prejudicial error which, at the very least, requires sentence reassessment.

Appellant bases his assertion of sentence disparity on a change in the authorized maximum punishment for wrongful disposition and larceny of military property of the United States under Articles 108 and 121, UCMJ.  On the date charges were preferred against Appellant, 7 February 2002, the Manual for Courts-Martial (MCM), United States (2000 ed.), provided that confinement for one year was authorized for selling or otherwise disposing of military property of a value of $100 or less and ten years confinement was authorized if the property was of a value of more than $100.  MCM, Pt. IV, ¶ 32.e.(1), United States, (2000 ed.).  The same value requirements were set out in MCM, Pt. IV, ¶ 46.e.(1), United States, (2000 ed.) for larceny of military property under Article 121, UCMJ.  Also, MCM, Pt. IV, ¶ 5.e. United States, (2000 ed.) established that the maximum punishment for Appellant's third offense of conspiracy to steal and wrongfully dispose of military property of the United States would be the punishment authorized for the offense constituting the object of the conspiracy.  Based on these provisions, and the three specifications which alleged military property of a value greater than $100, the military judge advised Appellant that he was subject to a possible maximum confinement of thirty years.  Appellant submits that this maximum confinement was reduced to three years confinement by Executive Order 13,262, which became effective before trial, on 15

May 2002. Exec. Order No. 13,262, 67 Fed. Reg. 18,773 (April 11, 2002). That Executive Order changed the military property value requirement for Article 108 and 121, UCMJ, offenses from $100 to $500, so that a value of $100 or less became $500 or less and a value of more than $100 became more than $500. Exec. Order No 13,262, 67 Fed. Reg. 18,779 (April 11, 2002). Concerning the effective date of this amendment, the Executive Order provided "that for offenses committed prior to May 15, 2002, for which a sentence is adjudged on or after May 15, 2002, if the maximum punishment authorized in this Manual is less than that previously authorized, the lesser maximum authorized punishment shall apply." 67 Fed. Reg. at 18,779. Since the offenses were all committed in late December of 2001, the correct maximum punishment for his offenses at the time of trial was one year for each offense for a total of three years confinement, not thirty years.

### Effect of Sentence Advice on Guilty Plea

There is no question that Appellant was incorrectly advised of the maximum punishment for the offenses to which he pled guilty. Nevertheless, we find his pleas to be provident after assessing the facts of the case because we believe the maximum punishment advice that was incorrectly given to him by the military judge was an insubstantial factor in the decision to plead guilty. *United States v. Hunt*, 10 M.J. 222, 223 (C.M.A. 1981)*; United States v. Mincey*, 42 M.J. 376, 378 (1995). In making that determination, all the circumstances of the case have been evaluated, as called for in *Hunt, supra,* and *Mincey, supra.* The facts reveal that Appellant, as a second class gunner's mate with access to the armory at the Naval Training Center, Cape May, New Jersey, obtained from the armory three soft body armor vests, two of which were wrapped in their original plastic package. He, then, assisted his co-conspirator, Yeoman Second Class (YN2) Nicole McAuley, in placing the three vests in the trunk of her car for transport to New York and disposition by her former boyfriend. The understanding was that the former boyfriend would sell the vests and split the proceeds with YN2 McAuley, and that she, in turn, would split what she received with Appellant. In the face of the evidence against him, which included the cost of each vest to the Coast Guard of $349.99, Appellant and his counsel negotiated a pretrial agreement that guaranteed approval by the Convening Authority of no more than eight months confinement, in return for Appellant's pleas of guilty. In our assessment of these facts, the four

factors, relied upon in *United States v. Poole*, 26 M.J. 272 (C.M.A. 1988), lead us to the conclusion that the pleas of guilty were provident.

Those factors are: (1) that the government could have elected to plead the offenses in a manner that would have increased the maximum years of confinement ten fold; (2) that the appellant negotiated a pretrial agreement which exposed him to considerably less confinement than the allowed maximum, regardless of how it was calculated; (3) that the plea inquiry established the case against the appellant overwhelmingly and nothing in the record suggested that his pleas were other than provident; and (4) that the perspective of the appellate court should not be whether the appellant might now elect to stand trial after receiving a sentence "capped" by the court-martial's and the convening authority's actions, but rather whether there was a reasonable likelihood he would have rejected his plea bargain and demanded trial at the time he received the erroneous advice. *Poole*, 26 M.J. at 274. After applying these four factors, the Court in *Poole* found that the appellant's pleas were provident, despite the judge's advice to him that he was subject to twenty-one years confinement, when, in reality, the maximum confinement for the offenses to which he pled guilty was only three years, according to the Army Court of Military Review. 26 M.J. at 272-73. The court imposed two years confinement, and that was further reduced to fourteen months by the convening authority in accordance with the pretrial agreement. *Id*. at 272.

The circumstances of the instant case fit equally well within the *Poole* guidelines, as follows: (1) the Government could have elected to plead the offenses in the manner advanced by Appellant before this Court; (2) Appellant negotiated a pretrial agreement which exposed him to only eight months confinement, which is considerably less confinement than the allowed maximum, regardless of how it was calculated; (3) the plea inquiry established the case against Appellant overwhelmingly, and nothing in the record suggests that his pleas were other than provident; and (4) even if the correct maximum confinement was three years rather than thirty, there was no reasonable likelihood that Appellant would have rejected his plea bargain limiting confinement to eight months confinement and demanded trial without that sentence cap. After applying this analysis, we are convinced that Appellant's guilty pleas were provident, even though he was misadvised of the maximum sentence.

**Sentence Reassessment**

Having resolved the issue regarding the providence of the Appellant's plea, the remaining question is whether or not the Appellant suffered prejudice in the assessment of his sentence. If so, we are obligated to reassess and affirm a sentence that "is no greater than that which would have been imposed if the prejudicial error had not been committed." *United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A. 1985); *see United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). Alternatively, if this Court "reliably cannot determine what sentence would have been imposed at the trial level if the error had not occurred. . . [then] a rehearing on sentence is in order." *Sales*, 22 M.J. at 307.

In *Poole*, the Court of Military Appeals concluded, "the prejudice to appellant as a result of the military judge's miscalculation of the maximum imposable sentence cannot be questioned." *Poole*, 26 M.J. at 274. The Army Court in *Poole,* also finding the error to be prejudicial, reassessed the sentence by disapproving the dishonorable discharge and affirming a bad conduct discharge along with the remainder of the sentence. *Id.* at 272. Noteworthy, however, is the fact that the Army Court disapproved the dishonorable discharge because the offenses for which the accused Poole stood convicted did not authorize a dishonorable discharge. *Id.* at 275. The Court of Military Appeals "concluded that, even though appellant may have been prejudiced as to the punishment mandated in view of the nature of the error, the 'meaningful reassessment' of the sentence by the court below has removed any lingering taint, and no further relief shall be granted." *Id.*

Based upon the facts of this case, we believe that the Appellant suffered no prejudice in the assessment of his sentence. The same factors relied upon in upholding the guilty plea lead us to this conclusion. We particularly note that the Appellant did not dispute the military property's total purchase price of $1,049.97 and his acknowledgement during the providence inquiry that the property was of a value greater than $500.00. Finally, the sentence awarded was within the limits of the pretrial agreement. Under these circumstances, we believe the military judge would have imposed the same sentence even if she had considered the correct maximum sentence. Therefore, we are not inclined to reassess the sentence that was awarded at trial.

## Conclusion

Upon review of the record in accordance with Article 66, UCMJ, we have determined that the findings and approved sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

Judge PALMER concurs.

Chief Judge BAUM concurs in part and dissents in part:

I concur with Judge Kantor's conclusions and rationale with respect to the providence of Appellant's guilty pleas and the lack of prejudice as to sentence, assuming the judge's advice on maximum permissible sentence was in error. However, I disagree with the conclusion that the sentence advice was incorrect. Judge Kantor's opinion accepts the Appellant's contention that the military judge provided erroneous maximum sentence advice because of the manner in which property value was alleged in the specifications. According to Appellant, an allegation of property value as greater than $100 is insufficient to support the higher maximum punishment of ten years confinement for each offense, due to the increased property value requirement of more than $500, which became effective on 15 May 2002. In Appellant's view, which the majority opinion has adopted, the specifications were required to allege a value greater than $500 in order to justify maximum confinement of ten years for each offense. I disagree because a property value of more than $500 was established at trial to the satisfaction of all parties and the specification does not place a limitation on the value alleged. The uncapped allegation of more than the $100 extends literally to $500 and beyond.

A stipulation of fact, admitted in evidence for use with the guilty plea inquiry, stated that Appellant did not dispute the military property's total purchase price of $1,049.97, and Appellant acknowledged during the inquiry that the property was of a value over $500. Moreover, the military judge, trial counsel, and defense counsel all agreed that the value of the property was greater than $500. Accordingly, the record establishes with certainty that the military property stolen and disposed of by Appellant had a value greater than $500. Appellant contends,

6

however, that the property's value, as agreed upon at trial, is of no consequence, because the specifications did not allege that the property was of a value more than $500.  Citing *United States v. Hemingway*, 36 M.J. 349, 352 (C.M.A. 1993); *United States v. Grossman*, 2 USCMA 406, 9 CMR 36 (C.M.A. 1953); and MCM, App. 6b, ¶ 11, United States (1951 ed.), Appellant states that he cannot be punished on the basis of aggravating factors not pled.  Indeed, that statement accords also with the holding in *United States v. Lovell*, that "[i]f the punishment for an offense depends upon aggravating matter, such matter must be both alleged and established beyond a reasonable doubt by the evidence." *United States v. Lovell*, 7 USCMA 445, 447, 22 CMR 235, 237 (C.M.A. 1956)

The specifications in the opinions cited by Appellant fail to allege factors that would aggravate the offense, which is distinctly different from the situation in the present case.  Here, we have an allegation of value that aggravates the offense.  The dispute is not whether value has been alleged, but just how much value has been included in the specification.  Everyone at trial, including the Appellant, understood the military property to be of a value greater than $500.  Accordingly, the question is whether that value falls within an open-ended allegation of value greater than $100.  I say it does, because $500 is unquestionably greater than $100.  In my view, that allegation, coupled with the amount agreed upon at trial, brings this case within the requirements of *Lovell*.  *Id.* The value was alleged and established beyond a reasonable doubt, which convinces me that the maximum sentence advice by the judge was correct.



For the Court,


Roy Shannon Jr.
Clerk of the Court