UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SULLIVAN, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant TIMOTHY S. REFFNER
 United States Army, Appellant

 ARMY 20080781

 Headquarters, United States Army Maneuver Support Center and Fort Leonard
 Wood
 Charles Hayes, Military Judge
 Colonel Steven E. Walburn, Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Major Julie Caruso Haines, JA
(on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA (on brief).

 26 March 2009

 -------------------------------------
 SUMMARY DISPOSITION
 -------------------------------------

Per Curiam:

 Upon review of this case submitted on its merits, under Article 66,
Uniform Code of Military Justice [hereinafter UCMJ], we note an error in
the military judge’s advice to appellant during the providence inquiry.
Specifically, the military judge failed to inform appellant that the
maximum punishment which could be adjudged based on appellant’s pleas of
guilty included reduction to the lowest enlisted grade. To compound his
error, the military judge sitting as a general court-martial then adjudged
a sentence that included reduction to the lowest enlisted grade. We are
convinced under the circumstances of this case that the omission of the
possible punishment of reduction to the lowest enlisted grade did not
create a “substantial misunderstanding” on appellant’s part such as would
render his pleas improvident. See United States v. Harden, 1 M.J. 258, 259
(C.M.A. 1976); United States v. Poole, 26 M.J. 272 (C.M.A. 1988).

 On consideration of the entire record, including the issues personally
specified by appellant, the findings of guilty are affirmed. Reassessing
the sentence of the basis of the error noted and the entire record,
applying the principles of United States v. Sales, 22 M.J. 305 (C.M.A.
1986) and United States v. Moffeit, 63 M.J. 40, 43 (C.A.A.F. 2006),
including Judge Baker’s concurring opinion, we affirm only so much of the
sentence as provides for confinement for eighteen months and a bad-conduct
discharge. All rights, privileges, and property of which appellant has
been deprived by virtue of that portion of his sentence set aside by this
decision are ordered restored. See Article 58b(c) and 75(a), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court