# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and SALADINO
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist WILLIAM P. MOYNIHAN**
**United States Army, Appellant**

ARMY 20130855

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Laura J. Calese, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Loraima Morciglio, JA (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig Schapira, JA; Captain Karey B. Marren, JA (on brief).

10 March 2020

---

SUMMARY DISPOSITION ON FURTHER REVIEW

---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

For the fourth time, this case is before us for review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ].[1] The lengthy appellate history of appellant's case is discussed below.

---

[1] An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape, two specifications of aggravated sexual contact with a child, one specification of wrongful sexual contact, and one specification of incest, in violation of Articles 120 and 134, UCMJ (2006 & Supp. III 2010). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for six years, and reduction to the grade of E-1.

## BACKGROUND[2]

Appellant was court-martialed for a series of sexual assaults against his younger sisters, MM, EC, and JM. At trial, he was convicted of one specification of aggravated sexual contact against MM; one specification of rape against MM; one specification of wrongful sexual contact with EC; one specification of aggravated sexual contact with a child involving JM, and one specification of incest with MM. The court-martial sentenced appellant to a dishonorable discharge, confinement for six years, and reduction to the grade of E-1.

In our first review of appellant's case, this court summarily affirmed the findings and sentence. *United States v. Moynihan*, ARMY 20130855 (Army Ct. Crim. App. 12 Nov. 2015) (decision). However, our Superior Court remanded appellant's case with the direction that we consider it in light of its then-recent holding in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). *United States v. Moynihan*, 75 M.J. 430 (C.A.A.F. 2016). In our second review, we conditionally dismissed the specification of aggravated sexual contact involving MM and the specification of wrongful sexual contact against EC. *Moynihan*, 2017 CCA LEXIS 743, at *10-11. Following the conditional dismissals, appellant remained convicted of one specification of rape against MM, one specification of aggravated sexual contact with a child involving JM, and one specification of incest with MM. *Id.* In light of the dismissals, we reassessed appellant's sentence to a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1. *Id.* at *11.

After our second review, appellant petitioned our Superior Court for a grant of review. For a second time, our Superior Court returned the case for further consideration, this time in light of *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017). *United States v. Moynihan*, 77 M.J. 313 (C.A.A.F. 2018). Because we had conditioned our previous dismissals on their surviving further appeal, we were obligated to again consider those specifications as part of our third review. *Moynihan*, 2018 CCA LEXIS 610. In our third review, we set aside those same convictions which we had previously conditionally dismissed, and we also set aside the one specification of aggravated sexual contact with a child involving JM. *Id.* at *11. We affirmed appellant's two remaining guilty findings; one specification of raping MM and one specification of incest with MM. *Id.* Next, we reassessed

---

[2] A full recitation of the specific facts of this case can be found in our previous decisions, *United States v. Moynihan*, 2017 CCA LEXIS 743, at *2-5 (Army Ct. Crim. App. 30 Nov. 2017) (mem. op.), and *United States v. Moynihan*, 2018 CCA LEXIS 610, at *2-6 (Army Ct. Crim. App. 26 Nov. 2018) (mem. op.). For purposes of this opinion, the following limited summary of the facts and procedural history is all that is necessary to resolve the issues now before us.

appellant's sentence in light of the two remaining guilty findings and concluded that his sentence would have included at least a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1. *Id*. at \*11 n.6. We then returned the case to the convening authority with instructions to either: "(1) order a rehearing on one or more of Specifications 1, 4, and 5 of Charge I; (2) dismiss Specifications 1, 4, and 5 of Charge I and order a rehearing on the sentence only; [or] (3) dismiss Specifications 1, 4, and 5 of Charge I and reassess the sentence based on the affirmed findings of guilty, affirming no more than a dishonorable discharge, confinement for forty-two months, and reduction to E-1." *Id*. at \*11.

After reviewing matters submitted by appellant pursuant to Rules for Courts-Martial [R.C.M.] 1105 and 1106, and on the advice of his staff judge advocate, the convening authority found our first option, a rehearing on the specifications we set aside, to be impractical. Likewise, the convening authority found our second option, a rehearing on sentence alone, to be impractical. Instead, the convening authority selected our third option and dismissed those charges and specifications we set aside, and reassessed appellant's sentence based on the two specifications we affirmed. That reassessed sentence matched our own reassessment.

Following the convening authority's dismissal of the set aside specifications and reassessment of appellant's sentence, appellant's case was again forwarded to this court for our current review. As part of this review, appellant raises two assignments of error: (1) that this court erred in considering the set aside specifications in reassessing appellant's sentence; and (2) that this court abused its discretion by providing a specific sentence to the convening authority for approval. At the outset, we find that appellant's first assignment of error is without merit. As it relates to appellant's second assignment of error, we find we erred with respect to two of the options we provided the convening authority, although not for the reasons asserted by appellant. We also find that our error with regard to those two options was harmless in light of the previously reassessed sentence. *See United States v Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986).

## LAW AND DISCUSSION

The second option we provided the convening authority allowed him to direct a rehearing on sentence alone. Express authority for this court to authorize a rehearing on sentence alone, as we did in this case, cannot be found in the UCMJ. Moreover, in *Jackson v. Taylor*, the Supreme Court affirmed the power of Board of Review, which later became courts of criminal appeals (CCAs), to conduct sentence reassessments, but expressly found no authority for such courts to direct sentence rehearings. 353 U.S. 569, 579 n.11 (1957). Nonetheless, in *United States v. Miller*, the Court of Military Appeals held that authority for such a proceeding could be divined from a combination of the presumed intent of Congress, logic, and some minor tinkering with conjunctions. 10 U.S.C.M.A. 296, 27 C.M.R. 370 (1959).

Following *Miller*, the sentence alone rehearing migrated into the R.C.M., and eventually became a common part of military post-trial practice. *See United States v Sills,* 56 M.J. 239, 239-40 (C.A.A.F. 2002) (summarizing the history of the sentence alone rehearing); R.C.M. 1107; *see also United States v. Winckelmann*, 73 M.J. 11, 16-18 (C.A.A.F. 2013) (Stucky, J., concurring in result).

Regardless of its dubious origins, we find that authorizing a sentence alone rehearing was always intended to be an "either-or" proposition with this court's clear authority to reassess a sentence. In *United States v Jones*, the Court of Military Appeals (C.M.A) stated, "[w]hen there has been an error at the court-martial, [CCAs] *must* try to determine what the sentence would have been absent the error." 39 M.J. 315, 317 (C.M.A. 1994) (citing *Sales*, 22 M.J. at 307) (emphasis added). The C.M.A. further clarified, "[i]f the court cannot make such a determination, then it *must* order a rehearing." *Id.* (citing *United States v. Poole*, 26 M.J. 272, 274 (C.M.A. 1988), *Sales*, 22 M.J. at 307) (emphasis added); *see also United States v. Humphries*, 71 M.J. 209, 219 (C.A.A.F. 2012) (Baker, C.J., dissenting); *United States v Eversole*, 53 M.J. 132, 133 (C.A.A.F. 2000); *United States v. Boone*, 49 M.J. 187, 195 (C.A.A.F. 1998); *United States v Cook*, 46 M.J. 37, 39 (C.A.A.F. 1997); *United States v. Peoples*, 29 M.J. 426, 428 (C.M.A. 1990).

In this case, pursuant to *Sales*, we first found that sentence reassessment was possible and appropriate. *Moynihan*, 2018 CCA LEXIS 610, at *11 n.6. We then reassessed appellant's sentence in accordance with the criteria for reassessment in *Sales* and *Winckelmann*. *Id*. That reassessment was final, and remains the sentence in appellant's case. Given our sentence reassessment, it was improper, and in error, for this court also to remand the case with the option for the convening authority to order a rehearing on sentence alone. Similarly, given our own reassessment, it was erroneous for this court also to provide the third option of sentence reassessment to the convening authority.[3] Our remand should have simply directed the convening authority to determine whether it was practical to order a rehearing on those charges and specifications we set aside.

Although we erred with two of the options we provided on remand, we find that there was no prejudice as a result of our error. The convening authority ultimately found a sentence rehearing impractical, thereby mooting any possible harm in our errantly providing that option. Further, appellant's sentence, as reassessed by the convening authority, ultimately matched our own reassessment.

---

[3] We recognize that convening authorities have a distinct and independent authority to mitigate an appellant's sentence pursuant to their powers of clemency. Article 60, UCMJ; R.C.M. 1107. We note that the allied documents in this case reflect that the convening authority was properly advised of that distinct authority prior to taking action that is the subject of this appeal.

Accordingly, we find appellant suffered no prejudice from that extraneous and void post-trial sentence reassessment. *Cook*, 46 M.J. at 39 (C.M.A. 1987) (CCAs determine whether corrective action is necessary for post-trial error).

Our holding above resolves appellant's second assignment of error. There being no prejudice resulting from our error, and given that the convening authority already dismissed those charges and specifications we set aside, there is no need to return the case to the convening authority for any further action. Accordingly, we find that the findings and sentence in this case are correct in law and fact.

## CONCLUSION

The remaining guilty findings in appellant's case, namely Specification 3 of Charge I and Specification 3 of Charge III, are AFFIRMED. The previously reassessed sentence is AFFIRMED.[4]

Chief Judge KRIMBILL and Judge SALADINO concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[4] For the sake of clarity, we again emphasize that our sentence reassessment on the previous remand was final. *Moynihan*, 2018 CCA LEXIS 610, at *11 n.6. Appellant's sentence as reassessed in light of the remaining charges is a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1. The convening authority's action purporting to reassess appellant's sentence is void.