*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
CRISFIELD, GERRITY, and COGLEY
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Antonio OLIVARES III**
Sonar Technician (Surface) Second Class (E-5), U.S. Navy
Appellant

**No. 201800125**

Decided: 8 July 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Jason L. Jones (arraignment)
Warren A. Record(trial)

Sentence adjudged 23 August 2019 by a general court-martial convened at Naval Air Station Jacksonville, Florida, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1 and confinement for 22 months.

For Appellant:
*Captain Kimberly D. Hinson, JAGC, USN*

For Appellee:
*Brian K. Keller, Esq.*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

_____

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[1]

However, the military judge did not properly advise Appellant of the maximum punishment for the offenses he was pleading guilty to in accordance with Rule for Courts-Martial 910(c). During the plea agreement discussion with Appellant, the military judge incorrectly advised:

> MJ: Table A under paragraph 10 includes sentencing limits, minimum and maximum sentences for each offense and requirements for me to impose the sentences to be served. Impose the sentences to be served consecutively and did you understand the maximum and minimum sentences that you could receive at this court-martial?
>
> ACC: Yes, sir, I do.[2]

Paragraph 10 of the plea agreement reflected that the military judge may only sentence total confinement of between 22 and 24 months (based on specific offenses listed in Table A of the plea agreement); may not adjudge fines, but may adjudge without limitation a punitive discharge, forfeiture, reduction, or other lawful punishment.[3] Under the section of the plea agreement titled "Agreements by the accused," the parties partially referenced the maximum punishments for each offense Appellant would be pleading to, but the parties omitted any reference to reduction in paygrade.[4] Appellant should have been advised by the military judge that the maximum sentence was confinement of 24 months, a dishonorable discharge, total forfeiture of pay and allowances, reduction to paygrade E-1, and any other lawful punishment. The military judge erred by not properly advising Appellant.

---

[1] Arts. 59, 66, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 859, 866.

[2] Record at 82.

[3] App. Ex. XX at 11-12.

[4] *Id.* at 2-8.

Our superior court in *United States v, Mincey*, stated:

> A plea of guilty may be improvident because it is predicated upon a substantial misunderstanding on the accused's part of the maximum punishment to which he is subject. Although we have rejected a mathematical formula to determine what misunderstanding amounts to a substantial misunderstanding, we will take into consideration all the circumstances of the case . . . to determine whether the misapprehension of the maximum sentence affected the guilty plea, or whether that factor was insubstantial in [Appellant's] decision to plead guilty. [5]

We will review the error in the failure to advise Appellant of the maximum punishment for whether it prejudiced his substantial rights.[6]

Appellant was represented by qualified military legal counsel and "[i]n the absence of any other evidence, . . . it is fair to assume that prior to permitting a defendant to enter a plea of guilty, a qualified defense counsel would have discussed all aspects of possible punishments with his client."[7] Trial defense counsel was vigorous in representing Appellant and obtained a beneficial plea agreement, so the presumption that the trial defense counsel was competent is valid.[8] Appellant faced up to 89 months confinement based upon his pleas, but the plea agreement limited his maximum confinement to 24 months while also dismissing multiple charges.

The plea agreement, which Appellant and his counsel signed, contains almost all of the maximum punishments, and Appellant stated to the military judge that he had read and understood the plea agreement and understood the minimum and maximum sentence. Although the reduction to E-1 was not specifically included in the plea agreement, any confinement requires reduction to E-1 under Article 58a, UCMJ, and the trial counsel asked for reduction to E-1 during argument.

Appellant did not object when the military judge advised of the maximum sentence, or when Appellant was sentenced, and did not raise the issue during post-trial processing or on appeal. The military judge did not award a pu-

---

[5] 42 M.J. 376, 378 (C.A.A.F. 1995) (citations omitted)

[6] *United States v. Poole*, 26 M.J. 272, 274 (C.M.A. 1988); *United States v. Ballan*, 71 M.J. 28, 30 (C.A.A.F. 2012) (citing Art. 59, UCMJ).

[7] *United States v. Williams*, 18 M.J. 186, 189 (C.M.A. 1984) (citation and internal quotation marks omitted).

[8] *United States v. Scott*, 24 M.J. 186 (C.M.A. 1987).

nitive discharge, forfeitures, or other lawful punishment, all of which were within his discretion. He only sentenced Appellant to reduction to E-1 and a period of 22 months confinement, 2 months less than the maximum permitted by the plea agreement. Finally, the record indicates that the pleas of guilty were provident.[9] Therefore, the failure of the military judge to properly advise Appellant of the maximum punishment was not an error that materially prejudiced Appellant's substantial rights.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[9] *See Poole* 26 M.J. at 274.