# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––––

## No. ACM S32781

––––––––––––––––––

### UNITED STATES
*Appellee*

v.

### Quincy O.T. INGRAM
Airman (E-2), U.S. Air Force, *Appellant*

––––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 31 July 2025

––––––––––––––––––

*Military Judge*: Jacquelyn M. Christilles.

*Sentence*: Sentence adjudged on 6 November 2023 by SPCM convened at Joint Base San Antonio-Lackland, Texas. Sentence entered by military judge on 5 December 2023: a bad-conduct discharge and confinement for 40 days.

*For Appellant*: Major Jordan L. Grande, USAF; Captain Samantha M. Castanien, USAF.

*For Appellee*: Captain Heather R. Bezold, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, GRUEN, and WARREN, *Appellate Military Judges*.

Judge WARREN delivered the opinion of the court, in which Chief Judge JOHNSON and Judge GRUEN joined.

––––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

––––––––––––––––––

WARREN, Judge:

A special court-martial consisting of a military judge convicted Appellant, in accordance with his pleas, of one specification of dereliction in the performance of his duties, on divers occasions, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892; one specification of wrongful use of cocaine, a Schedule II controlled substance, on divers occasions, and one specification of wrongful possession of cocaine, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.[1] The military judge sentenced Appellant to a bad-conduct discharge and confinement for 40 days for each specification (with all periods of confinement to run concurrently).[2] The convening authority took no action on the findings or the sentence.

Appellant submitted his case on its merits, raising no assignments of error. However, upon our Article 66, UCMJ, 10 U.S.C. § 866, review of the record, we specified the following issue for both parties to address:

> WHETHER APPELLANT'S PLEA OF GUILTY TO POSSESSION OF A CONTROLLED SUBSTANCE IN VIOLATION OF ARTICLE 112A, UCMJ, 10 U.S.C. § 912A, WAS PROVIDENT, WHERE DURING THE GUILTY PLEA INQUIRY APPELLANT TOLD THE MILITARY JUDGE THAT APPELLANT DID NOT KNOW THE SUBSTANCE HAD BEEN DELIVERED TO HIS POSSESSION.

We find Appellant's pleas to the Specification of Charge I, dereliction in the performance of his duties, and Specification 1 of Charge II, wrongful use of cocaine, to be provident. We find Appellant's plea to Specification 2 of Charge II, wrongful possession of cocaine, to be improvident. Having decided one of Appellant's pleas is improvident, we dismiss without prejudice that specification and reassess the sentence for the remaining specifications for which we affirm the findings of guilty.[3]

## I. BACKGROUND

**A. Procedural Overview**

---

[1] Unless otherwise noted, all references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The sentenced length of confinement amounted to time served due to Appellant's credit for pretrial confinement.

[3] In response to the court's specified issue, the parties requested, if this court finds Appellant's plea to Specification 2 of Charge II improvident, we preserve the remaining specifications and reassess the sentence.

On 1 November 2023, the special court-martial convening authority (SpCMCA) entered into an agreement with Appellant in which Appellant agreed to plead guilty to all charges and specifications. Appellant further agreed to enter into a reasonable stipulation of fact, to waive all waivable motions, and be tried by judge alone. In exchange, the SpCMCA agreed the military judge must: (1) limit Appellant's sentence to time already served in pretrial confinement (40 days) and for the terms of confinement for all charges and specifications to run concurrently; (2) impose a bad-conduct discharge; and (3) not impose any forfeiture of pay.

## B. Stipulation of Fact[4]

The Government and Appellant stipulated the following facts for the military judge's consideration at the court-martial. On or about 26 August 2023, approximately four months into Appellant's military service, security forces conducted an inspection of Appellant's dorm room at Joint Base San Antonio-Lackland, Texas. Appellant was the sole occupant of this room. During the inspection of Appellant's dorm room, Technical Sergeant (TSgt) ST instructed Appellant to remove the sheets from his bed. When Appellant complied, a clear, quarter-sized plastic bag fell from his bedding and onto the floor. Appellant immediately stepped on the bag with his right foot and began to slide his foot behind him. Then, TSgt ST instructed Appellant to stop and leave the room. TSgt ST then called additional security forces personnel to examine the bag. TSgt ST observed the bag contained a white, powdery substance that was seized for further testing. Later testing by the United States Army Criminal Investigation Laboratory confirmed the substance to be cocaine. These facts formed the basis for Specification 2 of Charge II, wrongful possession of cocaine in violation of Article 112a, UCMJ.

Following the dorm inspection, Appellant used cocaine three times over the next three weeks. Appellant provided a urinalysis sample on 26 August 2023 which tested positive for cocaine. Appellant was then subjected to follow-on urinalyses on 8 and 18 September 2023, while Appellant was aware he was under investigation for wrongful possession of cocaine. He tested positive for cocaine on both of those urinalyses as well. These facts formed the basis for Specification 1 of Charge II, wrongful use of cocaine on divers occasions, in violation of Article 112a, UCMJ.

Finally, in the aftermath of his dorm room inspection and initial positive urinalysis for cocaine, on 28 August 2023, Appellant was placed on Tango Flight status, limiting his off-base travel to include only official appointments

---

[4] The information provided in this section is derived from Appellant's stipulation of fact, entered into the record of trial on 6 November 2023.

with Military Training Leader (MTL) approval. However, while on Tango Flight status, Appellant travelled off-base on several occasions without official appointments or MTL approval. These facts formed the basis for the Specification of Charge I, dereliction in the performance of his duties, on divers occasions, in violation of Article 92, UCMJ.

### C. *Care* Inquiry[5]

On 6 November 2023, the military judge conducted a *Care* inquiry in which Appellant was questioned under oath to determine the providence of his guilty pleas. *See United States v. Care*, 40 C.M.R. 247, 253 (C.M.A. 1969); Rule for Courts-Martial (R.C.M.) 910(h). During the *Care* inquiry, Appellant made claims contradictory to his stipulation of fact. Specifically, Appellant averred under oath that when he removed his bedsheets, he "didn't notice the baggie [containing cocaine] and accidentally stepped on it." The military judge asked Appellant whether he intended to conceal the cocaine by stepping on it. Appellant responded, "Yes, I did step on it, Your Honor, but there's nothing [in the stipulation of fact] that says I was trying to conceal it." When asked how he came into possession of the bag of cocaine, Appellant maintained he "believe[d]" an unnamed civilian placed the bag into his backpack while Appellant was using the restroom at an off-base bar the night before. Appellant suggested the "civilian" might have done so out of concern for the police presence surrounding the bar. Appellant surmised that the "civilian" likely believed Appellant, as a member of the military, would not be searched by police.

Appellant claimed when he returned to his dorm, he emptied his bag onto his unmade bed and went to sleep. In response to questioning by the military judge, Appellant asserted that the first time he *knowingly* came into possession of the cocaine was when he accidentally stepped on the bag of cocaine during the dorm inspection. According to Appellant, he lifted his foot and "immediately recognized it was the same exact bag [of cocaine]" used with the civilian the night before. Notwithstanding Appellant's claims, the military judge did not seek to resolve the apparent conflict between the stipulation of fact and Appellant's statements during his *Care* inquiry, and the military judge accepted Appellant's plea of guilty to possession of cocaine as provident.

---

[5] The information provided in this section is derived from Appellant's 6 November 2023 special court-martial. Any quotations in this section are a direct reference to Appellant's testimony from the Record of Trial.

## II. DISCUSSION

### A. Law

#### 1. Article 112a, UCMJ, Elements

The elements of possession of a controlled substance under Article 112a, UCMJ, are: (1) that the accused possessed a controlled substance; and (2) that the possession by the accused was wrongful. *Manual for Courts-Martial, United States* (2019 ed.) *(MCM)*, pt. IV, ¶ 50.b.(1). Importantly, "[p]ossession must be knowing and conscious." *MCM*, pt. IV, ¶ 50.c.(2). "*An accused may not be convicted of possession of a controlled substance if the accused did not know that the substance was present under the accused's control.*" *Id.* (emphasis added).

#### 2. Providency of a Guilty Plea

We review a military judge's acceptance of a guilty plea for an abuse of discretion and questions of law arising from a guilty plea de novo. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015) (citing *United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008)). A military judge is responsible for determining whether there is an adequate basis in law and fact to support a guilty plea. *Inabinette*, 66 M.J. at 321–22. It is not sufficient merely to obtain the accused's consent to the defined elements. Rather, to establish the providence of the accused's plea, the military judge must question the accused "about what he did or did not do, and what he intended . . . ." *Care*, 40 C.M.R. at 253. A military judge abuses her discretion where she fails to obtain an adequate factual basis to support the plea. *Inabinette*, 66 M.J. at 322. "In deciding whether a plea is rendered improvident by statements inconsistent with the plea, the sole question is whether the statement was inconsistent, not whether it was credible or plausible." *United States v. Bullman*, 56 M.J. 377, 381 (C.A.A.F. 2002) (citing *United States v. Lee*, 16 M.J. 278, 281 (C.M.A. 1983)).

In reviewing a military judge's acceptance of a guilty plea, we consider whether "the record as a whole show[s] 'a substantial basis in law and fact' [to support] the guilty plea." *Inabinette*, 66 M.J. at 322 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). Put another way, once the military judge accepts the plea of guilty and enters a finding, "an appellate court will not reverse that finding and reject the plea unless it finds a substantial conflict between the plea and the accused's statements or other evidence of record," to include the stipulation of fact. *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996); *see also United States v. Saul*, __ M.J. __, No. 24-0098, 2025 CAAF LEXIS 578, at *7 (C.A.A.F 21 Jul. 2025) (holding that a military judge abused his discretion for accepting a guilty plea for willful destruction of property when the appellant made substantially conflicting statements as to his willfulness during a *Care*

inquiry). If an accused provides matter inconsistent with the plea at any time during the proceeding, the military judge "must either resolve the apparent inconsistency or reject the plea." *Saul*, 2025 CAAF LEXIS 578, at *7 (citing *Garcia*, 44 M.J. at 498 (quoting Article 45(a), UCMJ, 10 U.S.C. § 845(a))).

### 3. Authority When Setting Aside Findings

If a Court of Criminal Appeals (CCA) sets aside a finding of guilty as to a specification, it may either: (1) affirm a lesser included offense; (2) return the case for a rehearing; or (3) dismiss the specification. *See* Article 66(f)(1), UCMJ, 10 U.S.C. § 866(f)(1). In the interests of judicial economy, instead of remanding a case in the event a guilty plea is deemed improvident as to one of multiple specifications, a CCA may dismiss the specification concerned, without prejudice, and resolve the case by reassessing the sentence for the remaining specifications. *See Saul,* 2025 CAAF LEXIS 578, at *16; *see also United States v. Kibler*, 84 M.J. 603, 609–10 (A. Ct. Crim. App. 2024) (en banc) (setting aside a specification for an improvident guilty plea and dismissing it without prejudice while affirming the remaining four specifications of the appellant's guilty plea). In *Kibler,* the United States Army Court of Criminal Appeals held that this action was within the statutory and regulatory authority of the CCAs and reasoned that this action would not infringe upon the basic contractual principles underlying a plea agreement or provide the appellant a "windfall" because dismissal without prejudice of the affected specification would "return[ ] subject matter jurisdiction . . . to the convening authority" where the offense can be recharged separately or modified as desired. *Id.* at 608–09.

### 4. Sentence Reassessment

This court has the power to reassess a sentence after it has set aside findings of guilty and dismissed one or more specifications. *See United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013); *Kibler*, 84 M.J. at 609–10 (reassessing the sentence after finding one of the specifications improvident). In these circumstances, this court has broad discretion first to decide whether to reassess a sentence, and then to arrive at a reassessed sentence. *Id.* (citations omitted). In deciding whether to reassess a sentence or, in the alternative, return a case for a rehearing, we consider "the totality of the circumstances presented." *Id.* (citations omitted). Relevant factors include (1) any "[d]ramatic changes in the penalty landscape and exposure;" (2) "[w]hether an appellant chose sentencing by members or a military judge alone;" (3) [w]hether "the remaining offenses capture the gravamen of criminal conduct . . . within the original offenses and . . . whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses;" and (4) "[w]hether the remaining offenses are of the type that [appellate] judges . . . should have the experience and familiarity with to reliably

6

determine what sentence would have been imposed at trial." *Id.* at 15–16 (citations omitted).

These factors are "among those illustrative, but not dispositive, points of analysis" CCAs are expected "to consider when determining whether to reassess a sentence or order a rehearing." *Id.* at 15. When this court "cannot determine that the sentence would have been at least of a certain magnitude absent the error, it must order a rehearing" *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citing *United States v. Poole*, 26 M.J. 272, 274 (C.M.A. 1988)).

In considering reassessment we also consider the nature of the available punishments at the court-martial concerned. Insofar as a bad-conduct discharge was adjudged at trial in this case, we note that "[a] bad-conduct discharge is less severe than a dishonorable discharge and is designed as a punishment for bad-conduct rather than as a punishment for serious offenses of either a civilian or military nature." R.C.M. 1003(b)(8)(C), *Manual for Courts-Martial, United States* (2024 ed.) (2024 *MCM*).

## B. Analysis

### 1. Providency of Guilty Plea to Possession of Cocaine

In this case, after reviewing the colloquy between Appellant and the military judge regarding Specification 2 of Charge II, we find the military judge erred in failing to resolve the substantial conflict between the stipulation of fact and Appellant's sworn statements during his *Care* inquiry. The stipulation of fact implied he knowingly possessed the bag of cocaine *prior* to the dorm inspection and intentionally concealed it by covering it with his foot. Whereas, during his *Care* inquiry, Appellant repeatedly stated he was unaware of his possession prior to the dorm inspection and any concealment that occurred during the inspection was accidental. Critically, according to Appellant, his placement of his foot on the baggie of cocaine was a mere reflex and not a purposeful concealment. Whatever a trier of fact may have made of that self-serving explanation had this case been fully litigated at trial, during the *Care* inquiry, a military judge is required to take an appellant's inconsistent factual assertions at face value and resolve them. *See Bullman*, 56 M.J at 381 (citation omitted).

The combination of Appellant's perhaps implausible, but nonetheless insistent, statements that he: (1) had no direct knowledge that he was in possession of cocaine until he saw the baggie fall to the floor during his room inspection; and (2) that he did not intentionally exercise dominion and control over the baggie because he just reflexively placed his foot on the baggie when he saw it, create a substantial conflict between the stipulation of fact and his *Care* inquiry. With that conflict unresolved, we conclude it was an abuse of discretion for the military judge to rule Appellant's plea was provident as to wrongful

possession of cocaine. *See United States v. Kim*, 83 M.J. 235, 238 (C.A.A.F. 2023). Accordingly, Appellant's plea of guilty as to Specification 2 of Charge II is improvident.

### 2. Disposition of Improvident Specification

Having found Appellant's guilty plea improvident, in the absence of an applicable lesser included offense, this court has the statutory authority to dispose of that specification in one of two ways: (1) set aside the finding of guilty and dismiss the specification; or (2) set aside the finding of guilty and return the case for a rehearing. *See* Article 66(f)(1), UCMJ. In the interest of judicial economy, and in response to the expressed preference of the parties, we exercise our discretion to set aside the finding of guilty for Specification 2 of Charge II, dismiss that specification without prejudice, and reassess Appellant's sentence with respect to the remaining specifications.

### 3. Sentence Reassessment

Applying the *Winckelmann* factors, as to the first factor, there have been no dramatic changes in the penalty landscape or Appellant's exposure to punishment. Appellant's provident pleas of guilty to the Specification of Charge I and Specification 1 of Charge II resulted in separate sentences of 40 days of confinement, to be served concurrently.

Second, because Appellant was sentenced by a military judge alone, rather than by court members, we are well-equipped to determine what the military judge would have done. As a result, this factor does not require further consideration.[6]

Third, the remaining offenses (*i.e.*, Appellant's wrongful use of cocaine and dereliction of duty) still capture the gravamen of Appellant's criminal conduct. Considering the totality of the circumstances, the separate sentences imposed for the remaining specifications (*i.e.*, a bad-conduct discharge and 40 days of concurrent confinement) are wholly appropriate for a servicemember who repeatedly used cocaine throughout his brief five-month military career.

As to the fourth and final factor, based on our expertise and familiarity with the offenses, we are confident we can reasonably reassess the sentence to that which was originally imposed at trial: 40 days confinement and a bad-

---

[6] In *Winckelmann*, the United States Court of Appeals for the Armed Forces discussed the rationale for the second factor, explaining that for sentence reassessment, "[a]s a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members." 73 M.J. at 16.

conduct discharge.[7] First, Appellant's improvident plea has no impact on his sentence to confinement. Pursuant to the plea agreement, the total confinement in Appellant's case (40 days) remains in place because that was a mandatory term established by the plea agreement for each of the provident specifications. The only portion of the sentence potentially impacted was the sole unitary punishment imposed: the bad-conduct discharge. Here, having reviewed the entire record of trial in light of the *Winckelmann* factors, we are likewise confident that the military judge would have imposed a bad-conduct discharge. We are particularly persuaded by the fact that the real gravamen of Appellant's convicted misconduct was his repeated use of cocaine even after he knew he was under investigation. That use was not mitigated by any factors extant in the record. What we are left with then is only evidence of a young Airman who made no efforts to comport with the most basic Air Force standards, and instead chose to continue using cocaine after he knew Air Force authorities were investigating him following the discovery of cocaine in his room. His repeated and willful use of cocaine during his very introduction to military training demonstrates a recalcitrance towards Air Force standards and well justifies a punitive discharge for misconduct which qualifies as "bad conduct."

Accordingly, based on our application of the *Winckelmann* factors, we find sentence reassessment to be appropriate in Appellant's case. 73 M.J. at 16.

### III. CONCLUSION

The finding of guilty as to Specification 2 of Charge II is **SET ASIDE**. Specification 2 of Charge II is **DISMISSED WITHOUT PREJUDICE**. We reassess Appellant's sentence to a bad-conduct discharge and 40 days of confinement, as segmented by the military judge, to run concurrently. The remaining findings are correct in law, Article 66(c)(1)(A), UCMJ (2024 *MCM*), and the sentence, as reassessed, is correct in law and fact, and no additional error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

---

[7] Based on our experience as judges on this court, we are familiar with the offenses of wrongful possession of a controlled substance, wrongful use of a controlled substance, and dereliction of duty such that we may reliably determine what sentence Appellant would have received.

Accordingly, the findings of guilty as to Charge I, the Specification of Charge I, Charge II, and Specification 1 of Charge II, and the sentence as re-assessed, are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court